

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

SELECTIVE INSURANCE COMPANY
OF AMERICA,

    40 Wantage Avenue
    Branchville, N.J. 07890

    Plaintiff,

v.

TRUECARE HOME CARE SERVICES, INC.
d/b/a TRUECARE HOME CARE SERVICES,

    2860 Dekalb Pike – Suite 100
    Norristown, Penn. 19401

    and

ASHIA NIXON,

    3450 Ormes St.
    Philadelphia, Penn. 19134

    Defendants.

**20   386**

Civ. Action No.

## COMPLAINT
## FOR DECLARATORY JUDGMENT

Plaintiff Selective Insurance Company of America ("**Selective**") as and for its Complaint against Defendants Truecare Home Care Services, Inc. d/b/a Trucare Home Care Services ("**Truecare**") and Ashia Nixon ("**Nixon**") (collectively, "**Defendants**"), states and alleges as follows:

4826-9699-5249.2

## PARTIES

1. Plaintiff Selective Insurance Company of America ("**Selective**") is a corporation organized and existing under the laws of State of New Jersey, duly licensed and registered to transact insurance in the Commonwealth of Pennsylvania, with its principal place of business at 40 Wantage Avenue, Branchville, New Jersey 07890.

2. Defendant Truecare Home Care Services, Inc. ("**Truecare**") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 2860 Dekalb Pike – Suite 100, Norristown, Penn. 19401. Truecare is known and does business as Trucare Home Care Services.

3. Truecare is in the business of providing home health care services, including in-home health care aides for the elderly and disabled. Truecare regularly does business in Pennsylvania and in this District.

4. Defendant Ashia Nixon ("**Nixon**") is an individual who resides at 3450 Ormes St., Philadelphia, Penn. 19134, and is a resident of the Commonwealth of Pennsylvania and this District. At the time of the relevant events alleged herein, Nixon was employed by Truecare.

## JURISDICTION

5. Selective brings this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between the parties, as more fully alleged herein.

6. Jurisdiction of this Court is based upon 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000, as more fully alleged herein.

7. The Court has personal jurisdiction over Defendants because Defendant Truecare is incorporated in this Commonwealth and has its principal place of business in this District and Defendant Nixon is a resident of this Commonwealth and domiciled in this District.

8. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because (i) a substantial part of the transactions and issues giving rise to Plaintiff's claims occurred in this District; and (ii) Defendant Truecare is subject the personal jurisdiction of this Court and Defendant Nixon resides and is domiciled in this District.

9. All necessary parties have been joined to this Action.

## POLICY

10. Selective issued a policy of insurance to Defendant Truecare, policy number S 2326248, for the period December 10, 2017 to December 10, 2018 ("**Policy**"). A true and correct copy of the Policy is attached to this Complaint as **Exhibit A**.

11. The Policy provides insurance coverage to Truecare on the terms and conditions, and subject to the limitations and exclusions, as stated in the Policy. Nixon is or may be an additional insured under the Policy. The coverages available under the Policy include Commercial General Liability Coverage and Social Service Organization Professional Liability Coverage. Coverage under the Policy is up to $1,000,000 per occurrence.

12.     The Policy excludes coverage for bodily injury (including death) arising out of the furnishing or dispensing of drugs.

13.     The Policy states and provides:

"The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage ... : *[T]his insurance does not apply to 'bodily injury'*, 'property damage' or 'personal and advertising injury' arising out of: ... 2. *The furnishing or dispensing of drugs* ... ."

Policy, Commercial General Liability Coverage Form, CG 00 01 04 13, Section I - Coverage, Coverage A - Bodily Injury and Property Damage Liability, Exclusion – Services Provided by Health Care Providers, Form CG 22 44 04 13, sec. 2 (*emphasis added*).

14.     The Policy also excludes coverage for damages (including bodily injury and death) arising out of the prescription, utilization, furnishing or dispensing of drugs.

15.     The Policy states and provides:

"Exclusions. *This insurance does not apply to 'damages', 'claims' or 'suits':* ... a. *Directly or indirectly arising out of the prescription, utilization, furnishing, or dispensing of drugs* or medical, dental, or nursing supplies or appliances, except as directed by a physician, physician assistant, nurse, or a psychologist as permitted under state law, and in your usual and customary practice as a social service organization.

Policy, Social Service Organization Professional Liability Coverage Form, SS 00 10 10 14. Coverage 2, Exclusions e (*emphasis added*).

16.     The Policy also excludes certain claims for punitive damages and contains other exclusions.

- 4 -

## UNDERLYING ACTION

17. There is a civil action pending against Truecare and Nixon in the Pennsylvania Court of Common Pleas, Philadelphia County, Civil Trial Division, captioned *Gwendolyn D.C. Thompson, Executrix of the Estate of Katherine Jackson Canzater v. Ashia Nixon and Truecare Home Care Services, Inc.*, July Term 2018 No. 03841, Case ID 180703841 ("**Underlying Action**"). The Underlying Action has been designated a "Major Case" in the Court of Common Pleas. A true and correct copy of the Second Amended Complaint in the Underlying Action ("**Underlying Complaint**") is attached to this Complaint as **Exhibit B**.

18. The Underlying Action contains a Cause of Action for Wrongful Death ("including the pecuniary value of support, and comfort that the decedent would have provided her family had she had lived ….") and a separate Cause of Action for Survival ("damages for the conscious pain and suffering undergone [by] decedent … up to and including the time of her death").

19. The Underlying Complaint alleges, among other allegations: that Katherine Jackson Canzater ("**Ms. Canzater**") was an elderly woman living with her daughter Gwendolyn D.C. Thompson ("**Ms. Thompson**") in Wayne, Penn.; that Truecare provided home health care services to Ms. Canzater at that address; and that on or about March 16, 2018, Ashia Nixon was the Truecare employee who provided the home health care services to Ms. Canzater (Underlying Complaint paras. 8-13).

20. The Underlying Complaint further alleges, among other allegations, that:

"On or about March 16, 2018, ... [i]n the process of assisting Ms. Canzater with her medications, Defendant Ashia Nixon picked up a small blue unlabeled pill box from a different room in the house. KNOWING that this was NOT Ms. Canzater's pill box. Ms. Nixon then provided the incorrect medications to Ms. Canzater ... these were not her medications."

Underlying Complaint paras. 13-14 (*capitalization in original*).

21. The Underlying Complaint further alleges, among other allegations, that: as a result of taking the incorrect medications given to her by Nixon, Ms. Canzater was found unconscious, was taken to a hospital, developed hypoglycemic encephalopathy, became comatose, and died 10 days later. (Underlying Complaint paras. 17-21.)

22. Nixon gave deposition testimony in the Underlying Action confirming that she had given Ms. Canzater the wrong medicines from the wrong pill box. A true and correct copy of Ms. Nixon's deposition testimony in the Underlying Action ("**Nixon Deposition**") is attached hereto as **Exhibit C**.

23. In the Nixon Deposition, Nixon testified that she had placed pills from the wrong pill box on a napkin and gave them to Ms. Canzater. Nixon Deposition at 52-55 & 60-61.

24. Nixon gave deposition testimony in the Underlying Action that Truecare had a policy of *not* permitting home health aides to furnish or dispense drugs to patients or clients.

25. In the Nixon Deposition, Nixon testified, in response to a question, "What was your understanding of how you were supposed to assist a patient with medications?":

- 6 -

"Well, we're not -- they tell you we are not supposed to give medicine at all. As a home health aide, we're not supposed to do that. Normally they'll tell you it is supposed to be an RN that gives it to you or a nurse that they have. But most clients don't have a nurse or RN to come in or somebody that lives with them. But if you're there and you are the only person there that can give them the medicine, I don't want to say you're allowed to do so, but, you know, they need their medicine."

Nixon Deposition at 18.

26. The initial Complaint in the Underlying Action stated that it was seeking damages on each of the two Causes of Action (Wrongful Death and Survival) "in amount in excess of Fifty Thousand ($50,000) Dollars," for a total compensatory damages of at least $100,000, in addition to Underlying Complaint also seeking punitive damages. Plaintiff in the Underlying Action has stated that its damages are at least $1,000,000 (which is the amount of per occurrence coverage under the Policy) and that Plaintiff is seeking to recover that amount from Defendants in the Underlying Action.

## COVERAGE

27. There is no coverage under the Policy for damages arising out of the events alleged in the Underlying Complaint or for any liability that may be found against Truecare or Nixon in the Underlying Action.

28. Nixon's and Truecare's actions in providing the wrong medicines to Ms. Canzater constitute "[t]he furnishing or dispensing of drugs" and "the prescription, utilization, furnishing, or dispensing of drugs," each of which is specifically excluded from coverage under the Policy.

20. Truecare has a policy of not allowing home health care aides to give medicines to patients or clients. Nixon was aware of this Truecare policy.

21. Truecare has a Key Company Policy that provides "Home Health Aides / Direct Care Workers ARE NOT ALLOWED to administer Medications to clients," and goes on to provide, "If a family member asks you to administer a medication, you must refuse and call the office immediately. DO NOT POUR MEDS!" A true and correct copy of the Truecare's "Key Company Policies" signed by Nixon is attached to this Complaint as **Exhibit D-1** (Policy No. 1, *capitalization in original*).

22. In addition, Ms. Thompson (Ms. Canzater's daughter) signed an acknowledgement on behalf of Ms. Canzater that she understood that Truecare home health aides / direct care workers "cannot administer medications to [the client]. Only reminders can be made." A true and correct copy of the Truecare's "Consent to Service" signed by Ms. Thompson is attached to this Complaint as **Exhibit D-2** (para. 9).

23. Nixon's giving of the wrong medicines, or any medicines, to Ms. Canzater constitutes the giving, administration and furnishing of drugs or medicines.

24. Nixon's giving of the wrong medicines to Ms. Canzater was not the usual and customary practice of Truecare and was against and in violation of specific Truecare policy.

25. Nixon's giving of the wrong medicines to Ms. Canzater was not directed by any physician, physician assistant, nurse, or a psychologist (or any other person). *See* Nixon Deposition at 52-55.

26. Nixon's giving of the wrong medicines, or any medicines, to Ms. Canzater was not permitted under state law.

27. Under applicable Pennsylvania state law, home health aides permitted activities in relation to medicines is limited to "assistance with medications that are ordinarily self-administered." Rules And Regulations For Home Health Care Agencies 28 Pa. Code, Part IV, Health Facilities Subpart F. Chapter 601 and Subpart A. Chapter 51, § 601.35. Home health aide services. Under applicable federal regulations, such assistance with medicines by home health aides is limited to: "Assistance in administering medications in this requirement means that the [Home Health] Aide may take only a passive role in this activity. This assistance is limited to getting water or fluids for the patient to take their medication," and does not include "removing the correct dose of medication from the container" or otherwise giving medicines to the patient or client. 42 CFR 484, Centers for Medicare & Medicaid Services Interpretive Guidelines § 484.80 (g)(3).

28. Any and all damages to Ms. Canzater, or the Estate or Ms. Canzater, arising from Nixon having given the wrong medicine to Ms. Canzater, or otherwise arising from the facts and actions alleged in the Underlying Complain, are excluded from coverage under the Selective Policy.

## DISPUTE

29. Truecare made a claim to Selective for coverage under the Policy for any damages for which Truecare may be held liable arising out of the events alleged in the Underlying Action.

30. Selective, upon review of the facts alleged in the Underlying Action and the terms and conditions of the Policy, informed Truecare that there is no coverage under the Policy for damages arising out of the events alleged in the Underlying Action. Specifically,

Selective informed Truecare and Nixon that "the claims in the Second Amended Complaint are not covered by the Policy."

31. Notwithstanding Selective's determination that the claims in the Underlying Complaint are not covered by the Policy, Selective has offered to provide, and has provided and is paying for, a defense for Truecare and Nixon in the Underlying Action, subject to a reservation of all of Selective's rights (including the right to recover from Truecare and Nixon any defense costs paid by Selective on behalf of Truecare and Nixon to the extent permitted by law).

32. Truecare and Nixon have each accepted the defense provided by Selective subject to this reservation of rights.

33. Truecare has disputed, and upon information and belief continues to dispute, Selective's determination that there is no coverage under the Policy for damages arising out of the events alleged in the Underlying Action. Upon information and belief, Nixon also disputes that there is no coverage under the Policy for damages arising out of the events alleged in the Underlying Action.

34. Truecare and, upon information and belief, Nixon each contend, and Selective disputes, that Selective should be liable to Defendants for any amount they may be found to be liable for in the Underlying Action.

35. There exists an actual controversy between Selective and each of the Defendants as to coverage under the Policy for damages and defense costs arising out of the events alleged in the Underlying Action.

4826-9699-5249.2

36. Accordingly, Selective seeks a determination and declaratory judgment from this Court that there is no coverage under the Policy for damages or defense costs in the Underlying Action or arising out of the events alleged in the Underlying Complaint.

WHEREFORE, Plaintiff respectfully requests that Declaratory Judgment be entered in Selective's favor declaring that: there is no coverage under the Selective Policy for Truecare or Nixon for any liability for which they may be found liable in the Underlying Action or otherwise arising out of the events alleged in the Underlying Complaint; that Selective owes no duty to indemnify Truecare or Nixon for any liability that may be found against them in the Underlying Action; that Selective owes no duty to provide a defense for Truecare or Nixon in or in relation to the Underlying Action; for the costs of this Action; and for any other and further relief that this Court may find to be just and proper.

*Respectfully submitted,*

**KUTAK ROCK LLP**

*[signature]*

**MICHAEL T. MCDONNELL III**
I.D. No. 60111
Kutak Rock LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103
215-299-4384
michael.mcdonnell@kutakrock.com

**ROBERT A. JAFFE**
*(pro hac vice to be applied for)*
1625 Eye Street NW, Suite 800
Washington, DC 20006
202-828-2434
robert.jaffe@kutakrock.com

January 22, 2020
Philadelphia, Pennsylvania

- 11 -

4826-9699-5249.2

# CIVIL COVER SHEET

JS 44 (Rev 02/19)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Case 2:20-cv-00386-AB  Document 1  Filed 01/22/20  Page 12 of 14

20 386

## I. (a) PLAINTIFFS
Selective Insurance Company of America

**(b)** County of Residence of First Listed Plaintiff: Sussex County NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael T. McDonnell III, Kutak Rock LLP
1760 Market Street, Suite 1100, Philadelphia, PA 19103
215-299-4384

## DEFENDANTS
Truecare Home Care Services, Inc.
and Ashia Nixon

County of Residence of First Listed Defendant: Montgomery County, Pa
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity - 28 U.S.C. § 1332

Brief description of cause:
Insurance coverage declaratory judgment action

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** Declaratory judgment
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: n/a
DOCKET NUMBER: ___

DATE: 01/22/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael T. McDonnell

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JAN 22 2020

JAN 22 2020

AB
AB
AB

20-CV-386
20 386

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 40 Wantage Ave, Branchville, N J 07890

Address of Defendant: 2860 Dekalb Pike, Norristown, Penn. 19401 and 3450 Ormes St., Philadelphia, Penn 19134

Place of Accident, Incident or Transaction: 2860 Dekalb Pike, Norristown, Penn. 19401 and/or 240 Highland Ave., Wayne, Penn 19087

---

**RELATED CASE, IF ANY:**

Case Number ___n/a___ Judge _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 01/22/2020       *[signature]*       ID No 60111
                        Attorney-at-Law / Pro Se Plaintiff       Attorney ID # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify)* _____

B. **Diversity Jurisdiction Cases:**
☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☑ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability - Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Michael T. McDonnell III**, counsel of record or pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought

DATE: 01/22/2020       *[signature]*       ID No 60111
                        Attorney-at-Law / Pro Se Plaintiff       Attorney ID # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

JAN 22 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Selective Insurance Co. of America | CIVIL ACTION |
| v. | |
| Truecare Home Services Inc., et al. | NO. 20  386 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| Jan. 22, 2020 | *Michael T. McDonnell III* | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-299-4384 | 215-981-0719 | michael.mcdonnell@kutakrock.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ 660) 10/02

JAN 22 2020